# EXHIBIT A

James L Haddock, Prothonotary
Printed: 04/02/2019 04:40:49 PM

Case #:        201902906

Rec Date:      03/15/2019  11:46:04 AM
Doc Grp/Desc:  CIV / COMPLAINT

Plaintiff:     HOLTZMAN SEYMOUR
               306 CHILEAN AVE
               PALM BEACH FL 33480

Defendant:     ORDOWER LAWRENCE B
               132 MAPLE LANE
               HIGHLAND PARK IL 60035
               ORDOWER AND ORDOWER PC
               25 EAST WASHINGTON ST SUITE 1400
               CHICAGO IL 60602


---- DOCKET ITEMS -----
Rec Date       Description
_____     _____

03/15/2019     COMPLAINT
               Fee: $164.25
03/15/2019     AOPC COVER SHEET
               Fee: $0.00
03/15/2019     NOTICE
               Fee: $0.00

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

LUZERNE _____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: 2019 - 02906 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**

- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name:
Seymour Holtzman

Lead Defendant's Name:
Lawrence B. Ordower

**Are money damages requested?** [x] Yes  [ ] No

Dollar Amount Requested:
(check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [x] No

**Is this an *MDJ Appeal*?** [ ] Yes  [x] No

Name of Plaintiff/Appellant's Attorney:  Richard L. Huffsmith

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [x] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

*Updated 1/1/2011*

Richard L. Huffsmith
Pa. I.D. No. 78895
26 East Tioga Street
Tunkhannock, Pennsylvania 18657
(570) 240-4400
Attorney for Plaintiff

---

| | |
|---|---|
| SEYMOUR HOLTZMAN<br>306 Chilean Ave.<br>Palm Beach, Florida 33480 | : IN THE COURT OF COMMON PLEAS<br>:     OF LUZERNE COUNTY |

Plaintiff

: CIVIL ACTION

LAWRENCE B. ORDOWER
132 Maple Lane
Highland Park, Illinois 60035

and ORDOWER & ORDOWER, P.C : CASE NO. 2019-02906
25 East Washington Street
Suite 1400
Chicago, Illinois 60602



CERTIFIED FROM THE
PROTHONOTARY OFFICE
JOAN HOGGARTH
CLERK OF RECORDS
PER: JC

Defendants

## NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

A USTED SE LE HA DEMANDADO EN LA CORTE. SI USTED QUIERE DEFENDERSE CONTRA LA DEMANDA EXPUESTA EN LAS SIGUIENTES PAGINAS, TIENE QUE TOMAR ACCION EN UN PLAZO DE VIENTE (20) DIAS DESPUES QUE RECIBA ESTA DEMANDA Y AVISO, POR PRESENTAR UNA NOTIFICACION DE COMPARECENCIA ESCRITA PERSONALMENTE O POR UN ABOGADO Y RADICAR POR ESCRITO EN LA CORTE SUS DEFENSAS U OBJECIONES A LAS DEMANDAS PRESENTADAS EN SU CONTRA. SE LE ADVIERTE QUE SI FALLA EN HACERLO, EL CASO PODRIA SEGUIR ADELANTE SIN USTED Y UN FALLO PODRIA SER DICTADO EN SU CONTRA POR LA CORTE SIN PREVIO AVISO POR CUALQUIER DINERO RECLAMADO EN LA DEMANDA O POR CUALQUIER OTRO RECLAMO O DESAGRAVIO PEDIDO POR EL/LA DEMANDANTE. PUEDE QUE USTED PIERDA DINERO O PROPIEDAD U OSTROS DERECHOS IMPORTANTES PARA USTED. USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABAGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRIFASE O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACION SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UNABOGADO, ESTA OFICINA PODRIA PROPORCIONARLE INFORMACION ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REUNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

NORTH PENN LEGAL SERVICES, INC.

| | |
|---|---|
| 33 North Main Street | 101 West Broad Street |
| Suite 200 | Suite 513 |
| Pittston, PA 18640 | Hazleton, PA 18201 |
| (570) 299-4100 | (570) 455-9512 |
| (877) 953-4250 Toll Free | (877) 953-4250 Toll Free |
| (570) 824-0001 Fax | (570) 455-3625 Fax |

SERVICIOS LEGALES DE NORTH PENN, INC.

| | |
|---|---|
| 33 la Calle Main del Norte | 101 la Calle Broad del Oeste |
| Oficina 200 | Oficina 513 |
| Pittston, PA 18640 | Hazleton, PA 18201 |
| (570) 299-4100 | (570) 455-9512 |
| (877) 953-4250 Llamada gratuita | (877) 953-4250 Llamada gratuita |
| (570) 824-0001 Fax | (570) 455-3625 Fax |

By: _____

Richard L. Huffsmith, Esquire
Counsel for Plaintiff

Richard L. Huffsmith
Pa. I.D. No. 78895
26 East Tioga Street
Tunkhannock, Pennsylvania 18657
(570) 240-4400
Attorney for Plaintiff

---

|  |  |
|---|---|
| SEYMOUR HOLTZMAN<br> 306 Chilean Ave.<br>Palm Beach, Florida 33480 | : IN THE COURT OF COMMON PLEAS<br>:    OF LUZERNE COUNTY, PA<br>: |
| Plaintiff | :<br>: CIVIL ACTION<br>: |
| LAWRENCE B. ORDOWER<br>132 Maple Lane<br>Highland Park, Illinois 60035 | :<br>:<br>:<br>: |
| and ORDOWER & ORDOWER, P.C<br>25 East Washington Street<br>Suite 1400<br>Chicago, Illinois 60602 | : CASE NO. 2019-02906<br>:<br>:<br>: |
| Defendants | :<br>: |

## COMPLAINT

Plaintiff Seymour Holtzman ("Holtzman"), by and through his undersigned counsel, files

this Complaint against Lawrence B. Ordower ("Ordower") and Ordower & Ordower, P.C.

("Ordower P.C.") (collectively, "Defendants") and in support thereof states as follows:

### Nature of Action

1.      Defendants represented Holtzman in connection with Holtzman's acquisition of

an interest in Brentwood Capital, LLC ("Brentwood") owned by JEB Family LP, FVB Family

LP, the Frederick L. and Judy A. Brooks Family Bypass Trust and the Linda Aurand Separate

Property Trust (collectively, the "Benetti Group"). The Benetti Group's membership interest in Brentwood is referred to herein as the "Benetti Interest".

2.     Prior to retaining Defendants to represent him in the acquisition of the Benetti Interest (the "Benetti Transaction"), Holtzman offered Ordower the opportunity to participate as an investor in the acquired Benetti Interest as consideration for Defendants representing Holtzman in this transaction.

3.     Defendants agreed to represent Holtzman in the Benetti Transaction in consideration for the opportunity to acquire an ownership interest in the Benetti Interest.

4.     Holtzman also had discussions with Joseph Mizrachi ("Mizrachi") relating to Mizrachi being a potential investor in the acquired Benetti Interest.

5.     Initially, although neither Mizrachi nor Ordower had any interest in or right to purchase any ownership interest in the Benetti Interest, Holtzman discussed a possible investment by Ordower and Mizrachi in the Benetti Interest of one-third (1/3) each.

6.     Defendants, as counsel for Holtzman, formed SJLSJL LLC, a Delaware limited liability company ("SJLSJL"), for and on behalf of Holtzman for the purpose of acquiring the Benetti Interest.

7.     Ultimately, an agreement was not entered into with Mizrachi and the acquired Benetti Interest was allocated one-half (1/2) to Ordower and one-half (1/2) to Holtzman. Mizrachi did not agree with the terms of the potential investment and advised Holtzman (through a telephone message to Ordower) to go forward with the purchase of the Benetti Interest without him. The allocation to Ordower was premised on the understanding that Defendants would diligently represent Holtzman in all negotiations and document preparation related to the Benetti Transaction, all of which were subject to Holtzman's approval

8.      Mizrachi filed a lawsuit against Holtzman and Ordower in the Superior Court of the State of California for the County of San Mateo relating to the ownership of the Brentwood Interest (the "San Mateo Lawsuit").  Prior to filing the San Mateo Lawsuit, SJLSJL filed a similar lawsuit against Mizrachi in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida (the "Florida Lawsuit").

9.      Mizrachi also filed a related lawsuit against Holtzman (and others) in the Superior Court of the State of California for the County of San Francisco (the "San Francisco Lawsuit") and a separate malpractice claim against Defendants in Illinois relating to the Benetti Transaction (the "Malpractice Action").  The San Mateo Lawsuit and the San Francisco Lawsuit are referred to collectively as the "California Actions".

10.      As Holtzman's legal counsel, Defendants owed a duty of care and loyalty to zealously represent Holtzman's interests in the Benetti Transaction to the exclusion of all others.

11.      Prior to entering into the proposed business transaction with Holtzman as described above, Defendants failed to fully disclose the transaction and the terms of the transaction to Holtzman and to transmit such to Holtzman in writing in a manner that could be reasonably understood by Holtzman. Further, Defendants never informed Holtzman in writing that Holtzman may seek the advice of independent legal counsel with respect to Ordower's proposed investment in the Benetti Transaction and Defendants' role as legal counsel for Holtzman in that transaction. As a result of these failures by Defendants, Holtzman was never given a reasonable opportunity to exercise any of these rights. Moreover, Holtzman never gave Defendants informed consent, in a writing signed by Holtzman, to the essential terms of the transaction and Ordower's role in the transaction.

3

12.     Based on the allegations contained in the Complaint in the Malpractice Action, Holtzman was informed that Defendants allegedly represented Mizrachi and/or his related entities in legal matters related to Mizrachi's other businesses. Defendants never informed Holtzman that they represented Mizrachi and/or his related entities in other legal matters before agreeing to represent Holtzman in the Benetti Transaction.

13.     As of the filing of this Complaint, Defendants never advised Holtzman that they are withdrawing as his legal counsel in the Benetti Transaction. However, for over a year, Defendants have refused to speak with Holtzman or provide him with all of the documents and information maintained by Defendants relating to their representation of Holtzman in the Benetti Transaction. Although Holtzman asked for all of this information and documentation, Holtzman only received limited documents (e-mails) related to Ordower's communications with Attorney James Smith. Defendants have in essence abandoned Holtzman as their client to the detriment of Holtzman.

14.     Defendants, as legal counsel to Holtzman, had most of the dialog and interaction with Mizrachi and Mizrachi's legal counsel and as such maintained most of the documents and information related to the Benetti Transaction. As a result of Defendants' failure to speak with Holtzman, failure to return Holtzman's telephone calls and e-mails and failure to provide Holtzman with all of the documents and information maintained by Defendants in connection with their representation of Holtzman, Holtzman has sustained substantial damages and has been severely prejudiced in his defense of the California Actions and his prosecution of the Florida Lawsuit.

15.    Defendants, without the knowledge, consent or approval of Holtzman, have been, and still may be negotiating with Mizrachi to attempt to settle the San Mateo lawsuit and the Illinois Malpractice Action on terms that are prejudicial, damaging and detrimental to Holtzman. Instead of zealously representing Holtzman and protecting his interests, Defendants are attempting to gain a financial benefit and protect and exonerate themselves from liability..... all to the detriment of Holtzman. In particular, if Mizrachi acquires majority ownership of Brentwood, Mizrachi could control Brentwood which would be substantially financially detrimental to Holtzman.

16.    Accordingly, Holtzman is filing this action against Defendants to recover all compensatory and punitive damages sustained by him relating to Defendants' negligent and intentional acts and omissions, including the rescission of the agreement entered into between Holtzman and Ordower relating to Ordower's acquisition of a portion of the Benetti Interests.

**Parties**

17.    Seymour Holtzman ("Holtzman") resides at 306 Chilean Ave., Palm Beach, Florida. 33480.  Holtzman maintains his office headquarters at 100 North Wilkes-Barre Blvd., Luzerne County, Wilkes-Barre, PA and a residence at 33 Sahara Drive, Kingston, Luzerne County, Pennsylvania.

18.    Defendant Lawrence B. Ordower resides at 132 Maple Lane, Highland Park, Illinois 60035.  At all relevant times, Ordower has been licensed to engage in the practice of law in the State of Illinois, and has been practicing law in the State of Illinois.  In connection with his representation of Holtzman in the Benetti Transaction and his long and continued representation of Holtzman and Holtzman's related entities in numerous legal matters over the course of twenty

(20) plus years, Ordower has had significant and continuous contacts with Holtzman in Luzerne County, Pennsylvania.

  19. Defendant Ordower & Ordower, P.C. maintains an office at 25 East Washington Street, Suite 1400, Chicago, Illinois 60602 and is, and at all relevant times was, a professional corporation organized under the Professional Service Corporation Act of Illinois and registered with the Supreme Court of Illinois as a corporation engaging in the practice of law in Illinois. Ordower P.C. has also had significant and continuous contacts with Holtzman in Luzerne County, Pennsylvania as a result of its long and continued representation of Holtzman and Holtzman's related entities.

  20. During all relevant times herein, Ordower was, or acted as, the President of Ordower P.C. and an employee of Ordower P.C.  In engaging in the conduct set forth herein, Ordower was acting within the course and scope of his employment with Ordower P.C. and was engaged on behalf of Ordower P.C. in rendering professional legal services for Holtzman. Therefore, the Defendants are jointly and severally liable to Holtzman for their negligent and intentional wrongful acts and omissions as set forth herein.

**Jurisdiction and Venue**

  21. Jurisdiction and venue are proper in Luzerne County, Pennsylvania since the transaction that forms the basis of this action was negotiated, in part, in Luzerne County, Defendants have maintained significant and continuous contacts with Holtzman in Luzerne County, Pennsylvania relating to Defendants' representation of Holtzman in numerous legal matters and Holtzman's principal place of business is located in Luzerne County, Pennsylvania. The Pennsylvania long arm statute permits jurisdiction to be exercised over a nonresident

defendant "to the fullest extent allowed under the Constitution of the United States and may be based upon the most minimum contact with the Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b).

**Facts**

22.     On or about March 17, 1997, Holtzman Family Partnership ("HFP") acquired an 11.9565% membership interest in Brentwood Capital, L.L.C. ("Brentwood"). The other initial members of Brentwood were JEB Family LP, FVB Family LP, the Frederick L. and Judy A. Brooks Family Bypass Trust, the Linda Aurand Separate Property Trust, Schuyler Associates, L.P. ("Schuyler") and New Value L.L.C. ("New Value").

23.     Brentwood owned a 40.65% membership interest in Net Lease Management Partners, L.L.C. ("Net Lease").

24.     The Benetti Group desired to sell the Benetti Interest to Holtzman.

25.     AFP advised the Benetti Group that under the terms of the Net Lease Operating Agreement, any sale of the Benetti Interest required the unanimous consent of the members of Net Lease.

26.     HFP filed an arbitration proceeding against Net Lease (and others) alleging that the Net Lease Operating Agreement did not apply to the sale of Brentwood membership interests.

27.     HFP and Mizrachi retained James Smith and the law firm Kilpatrick, Townsend & Stockton, LLP to represent HFP in the arbitration proceeding and related litigation. Holtzman severed his attorney-client relationship with James Smith and retained Defendants as his sole legal counsel. Mizrachi continued to be represented by James Smith.

7

28.     The arbitration panel ultimately ruled that the Net Lease Operating Agreement did not require HFP to obtain the unanimous consent of the members of Net Lease before it could purchase the Benetti Interest.

29.     Subsequent to the ruling of the arbitration panel, the Benetti Group and the other members of Brentwood entered into an Agreement of Assignment of Membership Interest in Brentwood Capital, LLC ("Assignment Agreement") to govern the sale of the Benetti Interest. The Assignment Agreement provided (among other things) that, upon closing, the Benetti Group would transfer its 75% membership interest in Brentwood to Holtzman, Schuyler and New Value (the "Assignees"), or to a new entity to be formed at or prior to the closing.

30.     Ordower and Mizrachi were not named as assignees under the Assignment Agreement and did not have any right under the terms of the Assignment Agreement to acquire any membership interest in the Benetti Interest

31.     As legal counsel for Holtzman, Defendants negotiated the terms of the Assignment Agreement for and on behalf of Holtzman.

32.     Schuyler and New Value advised Holtzman that they did not want to acquire any ownership interest in the Benetti Interest, which left Holtzman as the sole owner of the rights to purchase the Benetti Interest under the Assignment Agreement.

33.     Subsequent to the formation of SJLSJL, Defendants advised and directed Holtzman to assign all of the Assignees' interest in the Assignment Agreement to SJLSJL. Based on this advice, Holtzman notified the Brentwood Group that the Assignee(s) assigned all of their right, title and interest in the Assignment Agreement to SJLSJL and directed the Benetti Group to transfer and assign the entire Benetti Interest to SJLSJL.

8

34.     Although Holtzman was the sole owner of the rights to purchase the Benetti Interest at the time of the transfer of these rights to SJLSJL, Defendants failed to advise Holtzman of the specific terms of an SJLSJL Operating Agreement and failed to obtain a signed SJLSJL Operating Agreement acceptable to Holtzman documenting Holtzman's ownership and right with respect to his investment in SJLSJL.

35.     Holtzman and SJLSJL never signed an agreement with Mizrachi to transfer any interest in the Benetti Interest or any membership interest in SJLSJL to Mizrachi since no agreement was ever entered into between Holtzman and Mizrachi. Mizrachi would not agree to the proposed terms of the potential investment and instructed Holtzman to go forward with the purchase of the Benetti Interest without him.

36.     Holtzman, based on Defendants' agreement to zealously represent Holtzman in connection with the acquisition of the Benetti Interest, allowed Ordower to purchase a one-half (1/2) interest in the Benetti Interest through a membership interest in SJLSJL.

37.     Holtzman and Ordower each deposited one-half of the purchase price and all other funds required to purchase the Benetti Interest (the "Purchase Funds") with the escrow agent and the closing of the Benetti Transaction occurred on or about October 4, 2016. A chart evidencing the ownership in Brentwood both before and after the sale of the Benetti Interest is attached hereto as Exhibit A.

38.     SJLSJL is the current owner of the Benetti Interest and Mizrachi has no ownership interest in SJLSJL or the Benetti Interest.

39.     Despite the fact that Mizrachi had no interest in the Benetti Interest or SJLSJL or any right to purchase any portion of the Benetti Interest, based upon information and belief, Mizrachi subsequently sent funds to the escrow agent but Holtzman does not know for certain if,

or when, any such funds were sent by Mizrachi to the escrow agent. . Based upon information and belief, the funds sent to the escrow agent by Mizrachi are still in the possession of the escrow agent.

<u>Count I</u>

(Legal Malpractice)

40.     The preceding Paragraphs 1 through 39 of this Complaint are incorporated herein by reference the same as if fully set forth at length herein.

41.     From approximately May 29, 2014 through the present date, the Defendants acted as legal counsel to Holtzman in connection with the acquisition of the Benetti Interests by Holtzman.  At all relevant times, Ordower was an employee of Ordower P.C. and was acting within the course and scope of his employment with Ordower P.C.  Ordower P.C. authorized, ratified or approved the acts and omissions of Ordower described herein.

42.     Based on the attorney-client relationship established between Holtzman and Defendants, Defendants owed a duty of care and loyalty to zealously represent Holtzman in the Benetti Transaction and to act in Holtzman's best interest to the exclusion of all others, including Mizrachi and Ordower.  Holtzman reasonably relied on the Defendants to diligently represent his interests and placed trust and confidence in the Defendants. Defendants were retained by Holtzman to handle the entire Benetti Transaction on behalf of Holtzman only.

43.     Defendants owed a duty to Holtzman to act in accordance with the Rules of Professional Conduct in their representation of Holtzman and to exercise reasonable care, diligence and skill in providing legal services for Holtzman in connection with the Benetti Transaction.

44.     The Defendants failed to zealously represent Holtzman and failed to exercise reasonable care, diligence and skill in their representation of Holtzman, and thus breached the duties they owed to Holtzman. Defendants' negligent and intentional wrongful acts and/or omissions include the following:

a.  Failing to fully disclose the transaction and the terms of the transaction with respect to the acquisition of the Benetti Interest and Ordower's investment to Holtzman and to transmit such to Holtzman in writing in a manner that could be reasonably understood by Holtzman.

b.  Failing to inform Holtzman in writing that Holtzman may seek the advice of independent legal counsel with respect to Ordower's proposed investment in the Benetti Transaction and Defendants' role as legal counsel for Holtzman in that transaction.

c.  Failing to obtain from Holtzman an informed consent, in a writing signed by Holtzman, to the essential terms of the transaction and Defendants' role in the transaction.

d.  Failing to inform Holtzman that Defendants represented Mizrachi and his related entities in legal matters related to Mizrachi's other business transactions. .

e.  Failing to obtain an informed written consent and/or waiver from Holtzman regarding conflicts of interest that could result from Defendants' representation of Mizrachi in transactions related to Mizrachi's other business dealings.

f.  Failing and refusing to speak with Holtzman, failing to provide competent, thorough and complete legal advice to Holtzman and failing to provide Holtzman with all of

the documents and information maintained by Defendants relating to their

representation of Holtzman in the Benetti Transaction.

g.  Negotiating with Mizrachi to attempt to settle the San Mateo lawsuit and the Illinois

Malpractice Action on terms that are prejudicial, damaging and detrimental to

Holtzman.

h.  Failing to thoroughly advise Holtzman as to his rights as a member of Brentwood.

i.  Failing to thoroughly advise Holtzman as to his rights under the Assignment

Agreement.

j.  Failing to thoroughly advise Holtzman as to his rights with regard to the transfer of

the rights under the Assignment Agreement to SJLSJL.

k.  Failing to thoroughly advise Holtzman as to the effect of the transfer of the rights

under the Assignment Agreement to SJLSJL.

l.  Failing to advise Holtzman that Mizrachi had no rights to purchase any portion of the

Brentwood Interests under the Assignment Agreement.

m.  Failing to document Holtzman's rights and ownership interests as a member of

SJLSJL.

n.  Failing to advise Holtzman as to his rights as a member of SJLSJL.


45.      As a proximate result of the Defendants' negligence and intentional wrongful acts

and omissions, Holtzman has suffered significant damages in an amount in excess of Four

Million Eight Hundred Thousand Dollars ($4,800,000.00).

WHEREFORE, the Plaintiff, Seymour Holtzman, respectfully requests that judgment be

entered in his favor and against the Defendants, Lawrence B. Ordower and Ordower and

Ordower, P.C., jointly and severally for compensatory damages in an amount in excess of Four Million Eight Hundred Thousand Dollars ($4,800,000.00), punitive damages in an amount determined by the trier of facts, costs of suit, interest at the maximum rate permitted by law, and for such other and further relief, at law or in equity, as this Court may deem just and equitable.

COUNT II

(Breach of Fiduciary Duty)

46.     The preceding Paragraphs 1 through 45 of this Complaint are incorporated herein by reference the same as if fully set forth at length herein.

47.     Based on the attorney-client relationship established between Defendants and Holtzman, the Defendants were required to act in a fiduciary capacity toward Holtzman and owed fiduciary duties to Holtzman that included, without limitation, (i) a duty to act faithfully, honestly and in good faith in their representation of Holtzman, (ii) a duty of individual loyalty, (iii) a duty to refrain from acting in their own self-interests when representing Holtzman (iv) a duty to refrain from acting in their own self-interests to the detriment of Holtzman, (v) a duty to avoid conflicts of interest with their representation of Holtzman and to disclose to Holtzman any conflicts of interest that exist with respect to Defendants' representation of Holtzman and (vi) a duty to faithfully serve and zealously represent Holtzman's interests.

48.     Holtzman placed his trust and confidence in the Defendants to act in accordance with the fiduciary obligation required by law and trusted Defendants with the protection and advancement of his rights, interests and expectations in connection with the acquisition of the Benetti Interests. As a result, a fiduciary relationship existed at all relevant times between Holtzman and the Defendants.

13

49.     Despite having voluntarily entered into this fiduciary relationship with Holtzman, Defendants breached their fiduciary duties to Holtzman.  The Defendants' breaches of fiduciary duties include, without limitation, the following:

   a.  Failing to inform Holtzman that Defendants previously represented Mizrachi and his related entities in legal matters.

   b.  Failing and refusing to speak with Holtzman or provide him with all of the documents and information maintained by Defendants relating to their representation of Holtzman in the Benetti Transaction.

   c.  Negotiating with Mizrachi to attempt to settle the San Mateo lawsuit and the Illinois Malpractice Action on terms that are prejudicial, damaging and detrimental to Holtzman.

50.     Holtzman has suffered damages in an amount in excess of Four Million Eight Hundred Thousand Dollars ($4,800,000.00), plus costs of suit and other expenses incurred by Holtzman as a result of such conduct by Defendants' duties.

51.     In engaging in the malicious conduct described herein, acted in a recklessly, willfully and wantonly manner.  At all relevant times, Ordower was an employee of Ordower P.C. and was acting within the scope of his employment.  Ordower P.C. authorized, ratified or approved the acts and omissions of Ordower described herein.  As a result of Defendants' willful, wanton and reckless conduct, Holtzman is entitled to recover actual and punitive damages from the Defendants.

WHEREFORE, the Plaintiff, Seymour Holtzman, respectfully requests that judgment be entered in his favor and against the Defendants, Lawrence B. Ordower and Ordower and

14

Ordower, P.C., jointly and severally for compensatory damages in an amount in excess of Four Million Eight Hundred Thousand Dollars ($4,800,000.00), punitive damages in an amount determined by the trier of facts, costs of suit, interest at the maximum rate permitted by law, and for such other and further relief, at law or in equity, as this Court may deem just and equitable.

COUNT III

(Unjust Enrichment)

52.    The preceding paragraphs 1 through 51 of this Complaint are incorporated herein by reference the same as if fully set forth at length herein.

53.     Ordower received a benefit from Holtzman to invest in the Benetti Interest, Ordower accepted and has retained the benefit and under circumstances that it would be inequitable for Ordower to retain the benefit bestowed on him without payment for same by Defendant Ordower to Holtzman.

54.     As a result of Defendants' willful misconduct, breaches of Defendants' fiduciary duties to Holtzman and failure to protect Holtzman's interests, Ordower has been unjustly enriched in an amount in excess of Seven Million Dollars ($7,000,000.00), the value received by Defendant Ordower from his investment in SJLSJL, which amount has not been paid by Defendant Ordower to Holtzman.

WHEREFORE, the Plaintiff, Seymour Holtzman, respectfully requests that judgment be entered in his favor and against the Defendants, Lawrence B. Ordower and Ordower and Ordower, P.C., jointly and severally for compensatory damages in an amount in excess of Seven Million Dollars ($7,000,000.00), punitive damages in an amount determined by the trier of facts, costs of suit, interest at the maximum rate permitted by law, and for such other and further relief, at law or in equity, as this Court may deem just and equitable.

15

<u>COUNT IV</u>

(Rescission)

55.     The preceding paragraphs 1 through 54 of this Complaint are incorporated herein by reference the same as if fully set forth at length herein.

56.     Defendants have breached the fundamental terms of the agreement with Holtzman, which required Defendants to render competent legal services to Holtzman.

57.     As a result of Defendants' intentional wrongful misconduct as described above, there has been a failure of consideration and Holtzman is entitled to rescind the agreement which gave Ordower the ability to acquire an interest in the Benetti Interest.

WHEREFORE, the Plaintiff, Seymour Holtzman, respectfully requests that judgment be entered in his favor and against the Defendants, Lawrence B. Ordower and Ordower and Ordower, P.C., jointly and severally, rescinding Ordower's right to acquire an interest in the Benetti Interest due to a failure of consideration, ordering Ordower to pay Holtzman an amount in excess of Seven Million Dollars ($7,000,000.00) to compensate him for the benefit received by Ordower and granting Holtzman, costs of suit, interest at the maximum rate permitted by law, and for such other and further relief, at law or in equity, as this Court may deem just and equitable.

Respectfully submitted,

Richard L. Huffsmith
Pa. ID No. 78895
26 East Tioga Street.
Tunkhannock, PA 18657
(570) 240-4400

Attorney for Plaintiff



## VERIFICATION

I, Seymour Holtzman, certify and affirm that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief, and am made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

Date: March 15, 2019

Seymour Holtzman

17

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents."

Date: March, 15 , 2019

Richard L. Huffsmith

# ORGANIZATION CHART AS OF OCTOBER 3, 2016



**Net Lease Management Partners LLC**

LPBP CORP 8.33%

AFP ELEVEN CORP 50.0%

TAL GROUP 1.02%

NEW VALUE 5.4347%

SCHUYLER ASSOC 7.60088%

BRENTWOOD CAPITAL LLC 40.65%

FVB FAMILY LTD 25.0%

JEB FAMILY LTD 25.0%

HOLTZMAN FAMILY PRT 11.9565%

BROOKS FAMILY TR 12.5%

L. AURAND TRUST 12.5%

Exhibit A

# ORGANIZATION CHART AS OF OCTOBER 4, 2016

